**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ESTEPHEN CASTELLON, PLAINTIFF, | CASE NO. 1:25-cv-02541-MJH |
| vs. | JUDGE MICHAEL J. HENDERSHOT |
| LAKEWOOD POLICE DEPARTMENT, *et al.*, DEFENDANTS. | OPINION AND ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS IN PART AND GRANTING THE PLAINTIFF'S MOTION TO REMAND |

Plaintiff Estephen Castellon sued several Clevland-area city and county public servants under 42 U.S.C. §1983 for various constitutional violations and under a range of Ohio state laws. Now pending are the defendants' motions to dismiss and Castellon's motions (1) for a partial stay, (2) to remand, and (3) for leave to amend.

Because Castellon lacks a viable §1983 claim, the Court grants in part the motions to dismiss and denies the motion for a partial stay. Without a viable §1983 claim, the case involves only state-law claims. The Court therefore

denies in part the motions to dismiss and grants the motion to remand the state law-claims to the Cuyahoga County Court of Common Pleas. Finally, the Court denies Castellon's motion for leave, partly with prejudice and partly without prejudice.

## I. Background

In 2018, Castellon was sentenced to seven years in prison for raping and kidnapping his girlfriend's daughter. *State v. Castellon*, No. CR-16-610907-A (Cuyahoga Cnty. Ct. C.P. Jan. 16, 2018) (criminal sentence). As part of that sentence, Castellon is classified as a top-tier sex offender (tier III). *Id.* The defendants here played various roles in Castellon's case. The Police Department and Detective Mladek investigated the case. [*See* R. 1, at 7–10; R. 4, at 92–93.] The Prosecutor's Office and attorney Szelagiewics prosecuted Castellon. [*See* R. 1, at 7–10; R. 4, at 91–93.] And attorney Miranda both advised Detective Mladek in drafting warrants and handled post-conviction briefing. [*Id.*]

From the jump, Castellon has fought—unsuccessfully—to overturn his conviction. He filed a direct appeal in Ohio state court. *State v. Castellon*, No. CR-16-610907-A (Cuyahoga Cnty. Ct. C.P. Feb. 12, 2018) (notice of appeal); *State v. Castellon*, No. 106813, 2019 WL 856246, at *1, 8 (Ohio Ct. App. Feb. 21, 2019) (affirming conviction). He then tried to reopen that direct appeal by alleging ineffective assistance of appellate counsel. *State v. Castellon*, No. 106813, 2019 WL 4316513, at *1, 4 (Ohio Ct. App. Sept. 9, 2019) (rejecting

claim), *review denied*, 157 Ohio St.3d 1513 (Ohio 2019). Castellon next sought state postconviction relief, raising speedy-trial, prosecutorial-misconduct, and ineffective-assistance-of-trial-counsel claims. *State v. Castellon*, No. 112522, 2023 WL 8110918, at *1, 3–4 (Ohio Ct. Ap. Nov. 22, 2023) (affirming denial of relief), *review denied* 173 Ohio St.3d 1422 (Ohio 2024), *cert. denied*, 145 S. Ct. 219 (2024). He even tried postconviction relief—and failed—again. *State v. Castellon*, No. 115907, 2026 WL 2199775, at *1–2, 4 (Ohio Ct. App. July 30, 2026) (affirming denial of second petition).

Castellon also attacked his conviction in federal court—again without success. *Castellon v. Forshey*, No. 20-cv-940, 2023 WL 6117987, at *8 (N.D. Ohio Sept. 19, 2023), *appeal dismissed,* No. 23-3956, 2024 WL 4930733 (6th Cir. May 9, 2024) (order).

That brings us to this case. Castellon sued in state court, but the defendants removed to this Court. [R. 1.] He alleges that the defendants violated his federal constitutional rights to a speedy trial and to due process and his Ohio statutory rights against abuse of process, spoliation of evidence, and civil conspiracy. [R. 1, at 5–6.] These legal wrongs, in Castellon's telling, mainly stem from Detective Mladek perjuring himself, the detective and attorneys suppressing or destroying body-worn-camera footage, and a court staffer delaying in sending his record for appeal. [*Id.* at 7–13.] As Castellon sees it, these acts led to his wrongful conviction and imprisonment. [*Id.*]

After removal to this Court, the defendants filed two motions to dismiss. [R. 4, 9.] Castellon responded, moved to stay the federal claims, and asked the Court to return the state-law claims to state court. [*See* R. 5, at 10; R. 11, at 196.] He also moved for leave to file an amended complaint, which would name only Detective Mladek and the City of Lakewood as defendants. [R. 24, at 434.]

## II. Analysis

### A. Motions to dismiss

Under the Federal Rules, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A defendant may test whether a complaint makes a "showing" through a Rule 12(b)(6) motion to dismiss. To survive such a motion, a complaint "'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Jackson v. Ford Motor Co.*, 842 F.3d 902, 906 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, a "complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Han*

*v. Univ. of Dayton*, 541 F. App'x 622, 625 (6th Cir. 2013) (citing *Twombly*, 550 U.S. at 561–64).

Courts liberally read complaints "in the light most favorable to the plaintiff" when deciding motions to dismiss. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (quotation omitted). And while courts hold pro se litigants to a less-stringent standard than what they require of counsel, *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). So, courts need not "abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Nor will they "act as counsel or paralegal to *pro se* litigants," *Pliler v. Ford*, 542 U.S. 225, 231 (2004), or craft claims for them, *Payne v. Sec'y of the Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003); *see also Wells*, 891 F.2d at 594.

**B. Section 1983 claims and the *Heck* bar**

A rule 12(b)(6) motion tests a complaint's legal sufficiency, and the relevant law here is Title 42 U.S.C. §1983. That statute "establishes tort liability for the deprivation of federal rights by persons acting under color of state law." *Powers v. Hamilton County Pub. Def. Comm'n*, 501 F.3d 592, 599 (6th Cir. 2007). "To succeed on a § 1983 claim, a plaintiff must first identify a constitutional right, then show that a person acting under the color of state law deprived him of that right." *Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 870 (6th Cir. 2024) (citation omitted). When the "person" is a

municipality, a claimant must also show "that the municipality engaged in a 'policy or custom' that was the 'moving force' behind the deprivation." *Powers*, 501 F.3d at 607 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Supreme Court precedent places further limits on relief when a §1983 plaintiff is also a state prisoner. In such cases, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. . .the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey* 512 U.S. 477, 487 (1994). This rule includes claims that the prisoner was wrongfully convicted or sentenced. *Id.* at 484–87; *see also Powers*, 501 F.3d at 600.

In the Sixth Circuit, the *Heck* rule applies to defendants who could have sought habeas review while in prison. *Powers*, 501 F.3d at 601–03; *see also Hobbs v. Faulker*, No. 19-3303, 2020 WL 12933850, at *2 (6th Cir. June 9, 2020); *Spencer v. Gasper*, Nos. 22-1318/1412/1473, 2022 WL 20730193, at *1–2 (6th Cir. Aug. 9, 2022). But the rule excludes defendants who could not seek habeas relief "as a matter of law." *Powers*, 501 F.3d at 601–03 (quoting *Spencer v. Kemna*, 523 U.S. 1, 21 (1998)); *see also Hobbs*, 2020 WL 12933850, at *1–2. The *Heck* rule is no barrier, for example, to defendants who faced a short prison sentence, *see, e.g.*, *Powers*, 501 F.3d at 603 (sentence of "at least one, but not more than thirty, days"), or those who were fined but never imprisoned, *see,*

*e.g.*, *Embassy Realty Invs., LLC v. City of Cleveland*, 877 F. Supp. 2d 564, 575 (N.D. Ohio 2012).

### C. *Heck* bars Castellon's §1983 claims

*Heck* ends the federal claims here. Castellon has not shown that his conviction has been overturned. And he had the opportunity to seek habeas relief for the same constitutional violations he advances now. Indeed, he did so and failed. *See Forshey*, 2023 WL 6117987, at *8. So the only question is whether Castellon's current suit impugns his conviction's validity. It does.

Castellon alleges that Detective Mladek and attorneys Miranda and Szelagiewicz fabricated evidence, committed perjury, used perjured testimony, and suppressed or destroying body-worn-camera footage. [R. 1, at 5–6, 9.] As for the municipal defendants, Castellon claims that Lakewood Police Department and Cuyahoga County Prosecutor's Office policies and practices tolerated these actions. [*Id.* at 7–10.] All this, Castellon says, led to his wrongful conviction and imprisonment. [*Id.*]

Because he argues that the defendants violated his constitutional rights while investigating and prosecuting his case, Castellon's claims point directly at his conviction's validity. *See Turner v. City of Scottsville*, 37 Fed. App'x. 759, 760 (6th Cir. 2002). Each claimed violation would offer grounds to undo his conviction. If the defendants fabricated evidence or suborned perjury, Castellon could overturn his conviction. *See, e.g.*, *Brown v. Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1033–34 (6th Cir. 2025) (fabricated

evidence); *Madkins v. City of Memphis*, 20 Fed. App'x. 335, 337 (6th Cir. 2001) (perjury); *Adams v. Jones*, 52 Fed. App'x. 744, 745 (6th Cir. 2002) (same). Likewise, if the defendants hid or destroyed body-worn-camera footage useful to his defense, Castellon could invalidate his conviction. *See e.g.*, *Hobbs*, 2020 WL 12933850, at *2 (*Brady* claims); *Richmond v. Mosley*, No. 23-1643, 2024 WL 2862505, at *1–2 (6th Cir. June 6, 2024) (same). In short, this is a heartland *Heck* case: it spawns "the risk of inconsistent judgments that collateral attacks on criminal convictions could otherwise engender." *Powers*, 501 F.3d at 600 (citations omitted).

Perhaps recognizing that *Heck* bars the door, Castellon asks the Court to open a window. He wants the Court to stay any decision on his §1983 claims since he is seeking to overturn his conviction. [R. 5, at 111.] But his most recent attempt was unsuccessful, *Castellon*, 2026 WL 2199775, at *4, and the Court knows of no pending case challenging the conviction. Nor does Castellon offer any authority justifying an indefinite stay. Of course, he retains a non-zero chance of, someday, overturning his conviction. *See* 28 U.S.C. §2244(b)(2) (successive habeas); Ohio Rev. Code §2953.23(A) (successive post-conviction relief); *Baugh v. Nagy*, No. 21-1844, 2022 WL 4589117, at *5, 14 (6th Cir. Sept. 30, 2022) (granting successive habeas petition). That some-day chance requires that a *Heck* dismissal is without prejudice. *See Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999); *Doe v. Nessel*, No. 23-2097, 2025 WL 1707689, at *3 (6th Cir. Feb. 4, 2025). If Castellon ever does overturn his

conviction, he can refile. For now, though, his federal claims against the individual defendants are dismissed.

The *Heck* bar blocking these claims also takes care of the claims against the municipal entities. Without any viable claim against the individuals, there is no viable claim against the entities. *See, e.g.*, *Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023). The entity claims are therefore also dismissed without prejudice.

**D. The state-law claims will be remanded**

Dismissing the federal claims affects the state-law claims. The "federal courts are courts of limited jurisdiction," meaning "district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quotation omitted; brackets removed). Relevant here, district courts have jurisdiction over questions of federal law, 28 U.S.C. §1331, and—supplementally—claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," 28 U.S.C. §1367(a).

A district court may decline this supplemental jurisdiction when, among other things, it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3). "In determining whether to exercise supplemental jurisdiction, the district court should balance several factors, including judicial economy, convenience, fairness, and comity." *Williams v. Addison Cmty. Schc.*, 168 F.4th 791, 794–95 (6th Cir. 2026) (citation omitted).

Federal courts must also consider whether they would be "needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (citation omitted). Generally, though, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quotation omitted).

Castellon asks this Court to remand the remaining claims to state court while the defendants urge the Court to resolve the state claims. [R. 5, at 111; R. 7, at 133–34.] On this point Castellon has the better argument. With no remaining federal claims, this Court can, and is advised to, decline supplemental jurisdiction. 28 U.S.C. §1367(c)(3); *see also Gamel*, 625 F.3d at 952; *Ward v. Alt. Health Delivery Sys.*, 261 F.3d 624, 627 (6th Cir. 2001).

Remanding these state claims to the state court creates no parallel suits or overlapping issues; there will be a single suit in state court. Nor does returning these claims to state court hatch significant inefficiency. The case remains an infant. The only filings relate to the defendants' motions to dismiss and Castellon's motion to amend. *See, e.g.*, *Gamel*, 625 F.3d at 952–53; *Durant v. Servicemaster Co.*, 109 Fed. App'x. 27, 30–31 (6th Cir. 2004). What is more, these state claims raise questions about Ohio statutory immunity. The Court is tepid about wading into those questions without considering those laws' federal counterparts. *See, e.g.*, *Southard v. Newcomb Oil Co., LLC*, 7 F.4th

451, 455 (6th Cir. 2021); *Gamel*, 625 F.3d at 952–53. Instead, Ohio courts should interpret Ohio laws. *See, e.g.*, *Southard*, 7 F.4th at 455. Thus, the Court will remand the state-law claims to the Cuyahoga County Court of Common Pleas.

**E. Castellon's motion for leave to amend**

The final item is Castellon's motion for leave to amend his complaint. Civil Rule 15(a)(2) allows parties to amend pleadings with the court's leave, which should be "freely give[n]. . .when justice so requires." But justice does not always require. Sometimes "justice counsels against amendment," including when amending would be futile. *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024). An amendment is futile "if the amended complaint would not withstand a motion to dismiss for failure to state a claim." *Doe v. Mich. State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) (citation omitted).

Castellon's proposed amendments make no strides toward clearing the *Heck* bar to his federal claims, [*see* R. 24], so amending is futile. In the same vein, his proposed amendments do not affect the Court's discretionary decision to remand the state-law claims. But since the Court is not reviewing the merits of those claims, Castellon should be able to request leave to amend in the state court. So, Castellon's motion for leave is denied with prejudice as it pertains to his federal claims and without prejudice as to his state-law claims. *See, e.g.*, *Allstate N.J. Ins. Co. v. Summit Pharm., Inc.*, No. 13-5809, 2014 WL 1767528, at *12, 14 (D.N.J. May 1, 2014).

* * *

Castellon's §1983 claims are **dismissed** without prejudice, and the remaining state-law claims are **remanded** to the Cuyahoga County Court of Common Pleas. Castellon's motion to stay is **denied**, and his motion for leave to amend is **denied** with prejudice as to the federal claims and without prejudice as to the state-law claims. Given the dismissal and remand, all outstanding motions, notices, and other requests for relief are **dismissed** as moot. [R. 26, 30.]

**SO ORDERED**

Dated: November 13, 2026

*s/Michael J. Hendershot*
**HON. MICHAEL J. HENDERSHOT**
**UNITED STATES DISTRICT COURT**